IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>PETE AGAPITO CHAVEZ,<br><br>        Defendant.                                  / | No. 11-CR-331 MMC<br><br>**ORDER AFFORDING GOVERNMENT LEAVE TO FILE MOTION FOR WAIVER OF ATTORNEY-CLIENT PRIVILEGE** |

Before the court is defendant Pete Agapito Chavez's ("Chavez") "Application Seeking Habeas Relief Pursuant to 28 U.S.C. § 2255," (hereinafter "Motion"), filed May 8, 2013, by which Chavez raises four claims. By order filed May 24, 2013 (see Doc. No. 69), the Court dismissed the first three claims and directed the government to file a response to the fourth, a claim alleging ineffective assistance of counsel. The government subsequently filed its opposition, to which Chavez replied. Thereafter, by order filed October 15, 2014 (see Doc. No. 87), the Court afforded Chavez leave to file a declaration, signed under penalty of perjury, setting forth in detail the facts on which he bases his motion, after which Chavez, on November 5, 2014, filed a declaration and the government, on January 29, 2015, responded.

In its January 29, 2015 response, the government states it has been unable to obtain declarations from the two attorneys who Chavez asserts provided ineffective assistance, Steven Kalar ("Kalar") and Martin Sabelli ("Sabelli"), because, according to the

government, neither attorney would give a declaration absent a court order finding the attorney-client privilege has been waived as to Chavez's ineffective assistance claim. Although the government, pointing to evidence it did submit with its January 29, 2015 response, also argues the record is sufficiently developed without additional supplementation, such evidence does not address all of the issues raised in support of Chavez's claim.  In particular, the evidence submitted does not address Chavez's allegation that Kalar failed to obtain a critical videotape[1] and his allegation that Sabelli, after having been requested to do so, failed to file a notice of appeal.

   Accordingly, the Court will afford the government leave to file, no later than March 20, 2015, a motion for a finding of a limited waiver of the attorney-client privilege.  In the absence of such filing, the Court will proceed to appoint counsel for Chavez and set a status conference in order to discuss the scheduling of an evidentiary hearing.

   **IT IS SO ORDERED.**

Dated: February 17, 2015

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court notes that Chavez's November 5, 2014 declaration states generally that Kalar failed to "request[ ] a suppression hearing" (see Doc. No. 89 ¶ 5), whereas the attestation under "penalty of perjury" contained in his motion (see Doc. No. 68), which specifies the importance of the videotape to the subject search, is, as the government points out, deficient for lack of a date of execution.  Given the significance of the allegation, however, the Court does not find it appropriate to deny the claim on the basis of such procedural deficiency.